UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TAVORIUS MARCEL TUNSTALL, #112459                                                        PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 3:15cv632-DPJ-FKB

WARDEN LEPHER JENKINS, et al.                                                        DEFENDANTS

ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, and requested *in forma pauperis* status. On August 28, 2015, the Court entered an Order [3] advising Plaintiff of certain provisions of the Prison Litigation Reform Act. The Order directed Plaintiff to file an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal, within thirty days. On the same date, the Court entered an Order [4] directing Plaintiff to file a completed *in forma pauperis* application or pay the required filing fee within thirty days. Both Orders warned Plaintiff that failure to timely comply or failure to keep the Court informed of his current address may lead to the dismissal of his complaint.[1] Plaintiff filed an Acknowledgment of Receipt [5] on September 9, 2015, but did not pay the filing fee or file an amended *in forma pauperis* application.

On October 16, 2015, the Court entered a Show Cause Order [6] directing Plaintiff to show cause, on or before October 30, 2015, as to why this case should not be dismissed for his failure to comply with the Court's Order [4] to amend his *in forma pauperis* application or pay the

---

[1]The Notice of Assignment [Ex. 1-1] issued by the Court on August 28, 2015, also warned Plaintiff that failure to advise the Court of a change of address or failure to timely comply with any order of the Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

required filing fee.  The Show Cause Order [6] again warned Plaintiff that failure to timely comply or failure to keep the Court informed of his current address would lead to the dismissal of his Complaint.  On October 28, 2015, the envelope [7] containing the Show Cause Order [6] was returned by the postal service with the notation "return to sender – not deliverable as addressed – unable to forward."  Plaintiff did not comply with the Show Cause Order or otherwise contact the Court.

This Court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629–30.

Plaintiff has failed to comply with two Court Orders [4], [6], and has failed to keep the Court informed of his current address.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Therefore, the Court concludes that dismissal of this action is proper for Plaintiff's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure.  *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based

on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A separate final judgment shall be entered in accordance with the Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of October, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE